IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN - 9 2007
J. T. NOBLIN, CLERK
BY_____DEPUTY

ANDREA MAE HARRIS, as WRONGFUL DEATH
BENEFICIARY OF DOUGLAS WAYNE O'NEAL                    PLAINTIFF

VS.                                           CAUSE NO. 3:07CV13 HTW-LRA

CLC OF WEST POINT, LLC d/b/a WEST POINT
COMMUNITY LIVING CENTER, NORTH MISSISSIPPI
MISSISSIPPI MEDICAL CENTER-TUPELO, NORTH MISSISSIPPI
MEDICAL CENTER-WEST POINT, CENTRAL MISSISSIPPI
MEDICAL CENTER, AND JANE AND JOHN DOES I - X          DEFENDANTS

## COMPLAINT

### (Jury Trial Demanded)

COMES NOW the Plaintiff, Andrea Mae Harris, as wrongful death beneficiary of Douglas Wayne O'Neal, by and through her counsel of record, and files this Complaint against Defendants, CLC of West Point, LLC, West Point Community Living Center ["CLC"], North Mississippi Medical Center-Tupelo ["NMMC"], North Mississippi Medical Center-West Point, Central Mississippi Medical Center and Jane and John Does I - X, stating grounds as follows:

### I.    Parties

1.     Plaintiff Andrea Mae Harris is an adult resident of the State of North Carolina.

2.     Defendant, CLC of West Point, LLC d/b/a West Point Community Living Center is a Mississippi corporation with its principal place of business located located at 1122 North Eshman Avenue, P.O. Box 817, West Point, Mississippi, 39773. West Point may be served with process by

service upon its registered agent Douglas M. Wright, Jr., whose place of business is located at 2 844 Traceland Drive, Tupelo, Mississippi 38803-3667

3. Defendant Central Mississippi Medical Center is located at 1850 Chadwick Drive, Jackson, Mississippi, 39204 and may be served with process by service upon its registered agent who resides at the same address.

4. Defendants North Mississippi Medical Center-Tupelo and North Mississippi-Medical-West Point are Mississippi corporations with their principal places of business located in Mississippi. They may be served with process by service upon their administrators and/or CEOs.

4. John and Jane Does 1-10 are as of yet unidentified physicians, nurses, and medical providers, employed by or agents of West Point Community Living Center and Central Mississippi Medical Center that rendered negligent medical treatment to Douglas Wayne O'Neal.

## II. Venue

5. Venue is proper in this Court pursuant as one or more or the Defendants resides in this District.

## III. Facts

6. Douglas Wayne O'Neal was admitted to CLC on September 15, 2004. He was admitted after undergoing a successful neurological surgery due to an accident he suffered on July 29, 2004. Mr. O'Neal was sent to West Point to heal, rehabilitate, and re-gain strength following surgery.

7. During his stay with Defendant West Point, Mr. O'Neal suffered from multiple untreated bed sores, malnutrition, dehydration, and ultimately loss of his life due to the acts and/or omissions of the Defendants and/or their agents, servants, representatives, physicians,

2

employees, and/or independent contractors including, but not limited to J. Does I-X. Mr. O'Neal's family noticed his development of pressure sores, loss of weight, and his continuously worsening condition, yet his condition progressively worsened.

8. While a resident at CLC, he was at various times admitted to North Mississippi Medical Center-Tupelo, North Mississippi Medical Center-West Point, and Central Mississippi Medical Center. These hospitals all provided substandard and/or negligent medical care as Mr. O'Neal's condition continued to deteriorate, culminating in his death on or about January 9, 2005

### IV.   Causes of Action

#### 1. Negligence/Malpractice

8. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 7.

9. Defendants, in their care and treatment of Douglas Wayne O'Neal, were required to possess and exercise that degree of reasonable skill, care, competence, and prudence normally exercised by reasonably competent physicians, nurses and medical providers under like circumstances. These Defendants failed to exercise that degree of skill and care, and were negligent in at least the following respects:

    a. they failed to properly carry out their orders for Douglas Wayne O'Neal's care and to exercise proper medical judgment;

    b. they failed to provide appropriate and competent medical care to Douglas Wayne O'Neal ;

    c. they failed to monitor Douglas Wayne O'Neal's recovery and to take

appropriate steps to insure his well-being; and

   d. they provided to Douglas Wayne O'Neal physicians, nurses, and/or other medical providers that did not exercise that degree of reasonable skill, care, competence, and prudence normally exercised by reasonably competent physicians, nurses and/or other medical providers under like circumstances; and

   e. they failed in other respects as will be shown through discovery.

  10. The death of Douglas Wayne O'Neal was proximately caused and/or contributed to, by the aforesaid collective negligent acts and/or omissions of the Defendants.

### 2. Punitive Damages

  11. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 10.

  12. The allegations herein exhibit gross negligence and wanton and reckless disregard for the Plaintiff and are sufficient for the imposition of punitive damages against the Defendants.

### V. Damages

  13. As a direct and proximate result of the actions of the Defendants as aforesaid, the wrongful death beneficiary of Douglas Wayne O'Neal, deceased, under the provisions of Miss. Code Ann 11-7-13, is entitled to recover damages for:

   a. the net present cash value of Douglas Wayne O'Neal's life expectancy at the time of his death;

   b. the loss of society, companionship, love and affection of her brother Douglas Wayne O'Neal;

   c. the physical, mental and emotional pain and suffering experienced by

Douglas Wayne O'Neal prior to his death;

   d.  the medical and funeral expenses incurred as a result of Douglas Wayne O'Neal's death;

   e.  the present value of Douglas Wayne O'Neal's right to live out his normal life expectancy; and

   f.  the present value of Douglas Wayne O'Neal's loss of future enjoyment of life.

  14. Plaintiff is entitled to all available compensatory damages, an appropriate award of punitive damages, and attorneys' fees, as well as all costs of court, and pre- and post-judgment interest.

## VI. Prayer for Relief

WHEREFORE, the Plaintiff, Andrea Mae Harris, as the wrongful death beneficiary of Douglas Wayne O'Neal, brings this action and demand for judgment against the Defendants, CLC of West Point, LLC d/b/a West Point Community Living Center, Central Mississippi Medical Center, North Mississippi Medical Center-Tupelo, North Mississippi Medical Center-West Point, and Jane and John Does I – X, jointly and severally, for compensatory damages to be determined by a jury, for punitive damages in an amount to be determined by a jury, along with all costs of this action, pre-judgment interest and post-judgment interest, and such other general relief to which this Court deems her entitled.

This the 9th day of January, 2007.

                Respectfully submitted,

                ANDREA MAE HARRIS, AS THE WRONGFUL
                DEATH BENEFICIARY OF DOUGLAS WAYNE
                O'NEAL

                BY: _____
                    Phillip C. Hearn, Her Attorney

Philip C. Hearn, Esq. (MSB #9366)
HEARN & THOMAS, P.A.
735 North Congress Street
Jackson, Mississippi 39202
(601) 355-3535

6